UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Petitioner,

v.

                                Case No.11-CV-11258

                                HON. AVERN COHN

JOHN PRELESNIK,

    Respondent.
_____/

### ORDER GRANTING IN PART PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES AVAILABLE ONLY IN ELECTRONIC DATABASES (LEXIS & WESTLAW) AND OTHER ACCESS-LIMITED PUBLICATIONS (Doc. 10)

I.

This is a habeas case under 28 U.S.C. § 2254. Edward Donald Burley, ("Petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan challenges his conviction for conspiracy to commit armed robbery. Respondent has yet to respond to the petition and has until October 6, 2011 to do so.

Before the Court is Petitioner's "Motion for Access to Case Authorities Available Only in Electronic Databases (LEXIS & WESTLAW) and Other Access-Limited Publications." Petitioner requests that Respondent's counsel provide him with paper copies of any unreported decisions or unavailable decisions that counsel cites in its response to the petition. In the alternative, Petitioner asks the Court to order the prison librarian to provide him with paper copies of any such unreported decisions, unavailable opinions, or decisions. For the reasons that follow, the motion will be granted in part.

II.

Like other judges in this district, "This Court is concerned about the impact on the appearance of justice when an incarcerated *pro se* litigant like Petitioner lacks access to cases or court rules that are available only on electronic databases like LEXIS and WESTLAW, 'thereby hampering the litigants' opportunities to understand and assert their legal rights.'" *Davis v. Lafler,* 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009)(*quoting Lebron v. Sanders,* 557 F.3d 76, 78 (2$^d$ Cir. 2009)).  Because it appears that Petitioner lacks access to electronic databases at the prison library, Respondent's counsel shall provide Petitioner with paper copies of any unpublished and any electronically-available-only opinions that counsel cites in its answer to the petition.[1]  Respondent's counsel will also be directed to provide Petitioner with paper copies of published decisions which Petitioner says are not available at the prison library that are cited in the response.

III.

For the reasons stated above, Petitioner's motion for access to case authorities is **GRANTED IN PART**.  Respondent's counsel shall provide Petitioner with paper copies of:

(1) any unpublished decisions and electronically-available-only opinions that are cited in the response to the petition; and

(2) any published decisions cited in the response from the following volumes that are not available to Petitioner:

---

[1] To the extent that Petitioner is asking the Court to order improvements at the prison library at the Handlon Correctional Facility, he would have to bring a separate civil rights action under 42 U.S.C. § 1983.  Likewise, Petitioner's allegation that he is being denied meaningful access to a law library cannot be part of this habeas action, but would instead have to be brought under § 1983.

      (a) United States Supreme Court Reporter, volumes 1-89 (prior to 1970);

      (b) Federal Reporter, 2nd Series, Volumes 1-420 (prior to 1970);

      (c) Federal Supplement, Volumes 1-306 (prior to 1970);

      (d) Michigan Reports, Volumes 1-377 (prior to 1986); and

      (e) Michigan Appeals Reports, Volumes 1-147 (prior to 1986)

**SO ORDERED.**


                              S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: September 28, 2011


I hereby certify that a copy of the foregoing document was mailed to Edward Burley, 502426, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 on this date, September 28, 2011, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160