UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

Petitioner,

Case No.11-CV-11258

v.

HON. AVERN COHN

JOHN PRELESNIK,

Respondent.
_________________________________/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S "PETITION/INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT TO PREVENT A GRAVE MISCARRIAGE OF JUSTICE" (Doc. 45)**
**AND**
**DENYING PETITIONER'S "AMENDED 60(b) MOTION PURSUANT TO RULE 15(a)(2) (Doc. 46)**

I.

This is a habeas case under 28 U.S.C. § 2254. Edward Donald Burley, ("Petitioner"), is a state inmate, serving a sentence of eighteen years, nine months to forty years following his conviction for conspiracy to commit armed robbery, in violation of M.C.L. §§ 750.157a; 750.529. In 2011, Petitioner filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Petitioner raised fifteen (15) claims. On September 7, 2012, the Court denied the petition, finding no merit in any of Petitioner's claims. (Doc. 39). The Court also denied Petitioner a certificate of appealability. (Doc. 44). Petitioner filed a notice of appeal. (Doc. 41). The case is currently pending in the Court of Appeals for the Sixth Circuit. Burley v. Prelesnik, No. 12-2323.

On June 5, 2012, Petitioner filed a paper Styled "Petition/independent Action for Relief from Judgment to Prevent a Grave Miscarriage of Justice" (Doc. 45). On June 17, 2013, Petitioner filed a paper styled "Amended Motion Pursuant to Rule 15(a)(2)." (Doc. 46). The Court construes both filings as a single motion for leave to file a motion for relief from judgment under Fed. R. Civ. P. 60(b).

As best as can be gleaned from Petitioner's papers, he seeks relief from judgment on the following grounds:

1. The Court erred in denying the petition without first conducting an evidentiary hearing on petitioner's claims

2. The state prosecutor committed a "fraud upon the court" by withholding exculpatory evidence from the defense prior to petitioner entering his plea of guilty

3. The Court erred in ignoring evidence of Petitioner's actual innocence when denying the petition for writ of habeas corpus

4. The prosecution withheld exculpatory evidence and permitted witnesses to commit perjury

For the reasons that follow, Petitioner's motion for leave to file a Rule 60(b) motion will be denied. As will be explained, the Court lacks jurisdiction to consider the motion and Petitioner has not demonstrated that he is entitled to relief from judgment for the purpose of prompting a remand from the Sixth Circuit.

II.

A.

First, because Petitioner already has an appeal pending in the Sixth Circuit, the Court does not have jurisdiction to rule on the motion. See Adkins v. Jeffreys, 327 F. App'x 537, 539 (6th Cir. 2009); see also Post v. Bradshaw, 422 F.3d 419, 421 (6th Cir.

2005). The "filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal." Adkins, 327 F. App'x at 539 (and Sixth Circuit cases cited therein). As the Sixth Circuit explained in Adkins, 327 F. App'x at 539:

> This Court first prescribed a procedure to be utilized when a Rule 60(b) motion is filed in the district court while an appeal is pending in the court of appeals in First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976). Under the procedures outlined in Hirsch, where a party wishes to file a Rule 60(b) motion but has already filed a notice of appeal,the proper procedure is for him to file his motion in the [d]istrict [c]ourt. If that court indicates that it will grant the motion, the appellant should then make a motion to this court for a remand of the case in order that the [d]istrict [c]ourt may grant the motion. . . .
>
> Id. at 346. If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." Id. The decision of whether to consider the post-judgment motion while an appeal is pending is within the district court's discretion, and there is no error if the district court decides to let the appeal run its course.

Here, as in Adkins and Post, the Court lacks jurisdiction to decide Petitioner's Rule 60(b) motion while his appeal is pending in the Sixth Circuit. Furthermore, as explained below, the Court is not disposed to grant the motion because the motion lacks merit.

B.

The Sixth Circuit has stated that a Rule 60(b) motion "represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a challenge to a prior denial of habeas relief." Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010), cert. denied, —— U.S. ——, 131 S.Ct. 2902 (2011). Although Rule 60(b) cannot be used to advance a substantive claim for federal habeas relief governed by requirements set forth in 28 U.S.C. § 2244(b) for successive

petitions, it "continues to have limited viability in the habeas context" to the extent that the Court may consider a prior denial of habeas relief when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 335–36 (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 n. 4 (2005)). If the Rule 60(b) motion attacks a "nonmerits aspect" of the habeas proceedings, the motion can be ruled on by the district court without prior authorization. When the motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—it should be treated as a Rule 60(b) motion. In re Nailor, 487 F.3d 1018, 1022 n.2 (6th Cir. 2007).

C.

Fed. R. Civ. P. 60(b) provides in pertinent part that the federal district court may provide relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud, misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief.[1] Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502–03 (6th Cir. 2000) (quoting Dickerson v. Board of Educ. of Ford Heights, Illinois, 32 F.3d 1114, 1116 (7th

[1]Fed. R. Civ. P. 60(b) also allows the court to provide relief from a final judgment based on newly discovered evidence. Fed. R. Civ. P. 60(b)(2). In addition, relief from a final judgment may be granted if the judgment is void, satisfied, discharged, reversed or vacated or if applying the judgment prospectively is "no longer equitable." Fed. R. Civ. P. 60(b)(4)-(5).

Cir.1994)). The court's discretion to vacate a judgment pursuant to Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (quoting Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001)) (internal citation and quotation omitted).

III.

A.

Petitioner first says that he is entitled to relief from judgment because the Court failed to conduct an evidentiary hearing. When deciding whether to grant an evidentiary hearing in a habeas case, a federal court must consider whether such a hearing could enable the petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to habeas relief on his claim or claims. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." Id. If the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. Id.

In denying the petition, the Court carefully discussed Petitioner's claims and determined that Petitioner was not entitled to habeas relief. Because none of the claims had merit, the Court did not err in denying the petition without first conducting an evidentiary hearing. Thus, there was no procedural error warranting Rule 60(b) relief.

B.

Petitioner next says that he is entitled to Rule 60(b) relief based on the allegation that the state prosecutor committed a fraud upon the court by withholding allegedly exculpatory evidence from petitioner before he entered his plea of guilty.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;

2. that is directed to the "judicial machinery" itself;

3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;

4. that is a positive averment or is concealment when one is under a duty to disclose; and,

5. that deceives the court.

Demjanjuk v. Petrovsky, 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim fails because he has not alleged that any fraud was committed by an officer of this court. In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction under Fed. R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." Buell v. Anderson, 48 Fed. App'x. 491, 499 (6th Cir. 2002)(citing Workman v. Bell, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(en banc)). Because the assistant prosecuting attorney working for the Genesee County Prosecutor's Office was not acting as an officer of the federal habeas court when he or she allegedly withheld exculpatory evidence during petitioner's prosecution in the state courts, the "fraud upon the court" exception does not apply to permit petitioner to maintain an independent action for relief from judgment. Id.

C.

Petitioner next says he is entitled to relief from judgment on the ground that the Court denied his petition without considering evidence that he had offered in support of his claim of actual innocence. This allegation is without merit. The Court considered and rejected Petitioner's actual innocence claim, explaining that freestanding claims of actual innocence are non-cognizable on federal habeas review. See Doc. 39 at p. 21-22. Thus, there was no defect in the proceedings to warrant 60(b) relief.

D.

Finally, Petitioner says that Rule 60(b) relief is required because the prosecutor withheld exculpatory evidence and permitted witnesses to commit perjury. However, the Court considered and rejected his claim that his guilty plea was involuntary because the prosecution had allegedly withheld exculpatory evidence, on the ground that there is no clearly established Supreme Court law that requires that exculpatory evidence be disclosed to a defendant before he or she pleads guilty. Id. at p. 15-19. Thus, the Court's resolution of Petitioner's claim was not defective or otherwise merit Rule 60(b) relief.

IV.

Upon review of Petitioner's motion in light of the entire record, including the Court's prior decision denying habeas relief, Petitioner has not met the standards set forth in Rule 60(b) for granting relief from judgment. As such, Petitioner's motion for leave to file a Rule 60(b) motion is DENIED on the grounds that (1) the Court lacks jurisdiction to consider the motion filed during the pendency of his appeal to the Sixth Circuit, and (2) Petitioner has not demonstrated that he is entitled to relief from

judgment for the purpose of prompting a remand from the Sixth Circuit.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 1, 2013, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160