UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

      Petitioner,

v.                                     Case No. 11-11258

JOHN PRELESNIK,                    HON. AVERN COHN

      Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. 53)

I.

    This is a habeas case under 28 U.S.C. § 2254.  Edward Donald Burley,

("Petitioner"), is a state inmate, serving a sentence of eighteen years, nine months to

forty years following his conviction for conspiracy to commit armed robbery, in violation

of M.C.L. §§ 750.157a; 750.529.  In 2011, Petitioner filed a pro se petition for writ of

habeas corpus claiming that he is incarcerated in violation of his constitutional rights.

Petitioner raised fifteen (15) claims.  On September 7, 2012, the Court denied the

petition, finding no merit in any of Petitioner's claims.  (Doc. 39).  The Court also denied

Petitioner a certificate of appealability.  (Doc. 44).  Petitioner filed a notice of appeal.

(Doc. 41).  The case is currently pending in the Court of Appeals for the Sixth Circuit.

Burley v. Prelesnik, No. 12-2323.

    On June 5, 2012, Petitioner filed a paper Styled "Petition/independent Action for

Relief from Judgment to Prevent a Grave Miscarriage of Justice" (Doc. 45).  On June

17, 2013, Petitioner filed a paper styled "Amended Motion Pursuant to Rule 15(a)(2)."

(Doc. 46).  The Court construed both filings as a single motion for leave to file a motion

for relief from judgment under Fed. R. Civ. P. 60(b).  On July 1, 2013, the Court denied

the motion, noting that the Court lacked jurisdiction because the case was on appeal

and that leave would not be granted because the motion lacked merit.  (Doc. 47).

Petitioner then moved for, and was granted, permission to extend the time in which to

file a notice of appeal from the Court's July 1, 2013 order.  (Doc. 50).

Now before the Court is Petitioner's motion for a certificate of appealability.

Petitioner seeks to appeal the Court's ruling on his Rule 60(b) motion.  For the reasons

that follow, the motion will be denied.

## II.

Before Petitioner can appeal the Court's decision regarding his Rule 60(b)

motion, a certificate of appealability (COA) must issue.  See United States v. Hardin,

481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent

with the language of section 2253, and therefore hold that [a Petitioner] must obtain a

certificate of appealability before his appeal of the denial of his Rule 60(b)).  A COA may

be issued "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is

dismissed on procedural grounds, petitioner must show "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved

in a different matter or that the issues presented were 'adequate to deserve

encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle,

463 U.S. 880, 898 n.4 (1983)).  Where a petition is rejected on the merits "the petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the July 1, 2013 order, reasonable jurists would not debate whether Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in its ruling on the motion. Accordingly, a COA is DENIED.

SO ORDERED.

       s/Avern Cohn                
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2013

11-11258 Edward Burley v John Prelesnik

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 9, 2013, by electronic and/or ordinary mail.

 s/Sakne Chami
Case Manager, (313) 234-5160