UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Petitioner,

v.

                                             Case No. 11-CV-11258

JOHN PRELESNIK,                          HON. AVERN COHN

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE (Doc. 56) AND MOTION TO ALTER OR AMEND THE ORDER ON THE MOTION FOR A CERTIFICATE OF APPEALABILITY (Doc. 58)**

I.

This is a habeas case under 28 U.S.C. § 2254. Edward Donald Burley, ("Petitioner"), is a state inmate, serving a sentence of eighteen years, nine months to forty years in prison for conspiracy to commit armed robbery, Mich. Comp. Laws Mich. §§ 750.157a; 750.529. In 2011, Petitioner filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Petitioner raised fifteen (15) claims. On September 7, 2012, the Court denied the petition, finding no merit in any of Petitioner's claims. (Doc. 39). The Court also denied Petitioner a certificate of appealability. (Doc. 44). Petitioner filed a notice of appeal. (Doc. 41). The case is currently pending in the Court of Appeals for the Sixth Circuit. Burley v. Prelesnik, No. 12-2323.

On June 5, 2012, Petitioner filed a paper Styled "Petition/independent Action for Relief from Judgment to Prevent a Grave Miscarriage of Justice" (Doc. 45). On June 17, 2013, Petitioner filed a paper styled "Amended Motion Pursuant to Rule 15(a)(2)."

(Doc. 46).  The Court construed both filings as a single motion for leave to file a motion for relief from judgment under Fed. R. Civ. P. 60(b).  On July 1, 2013, the Court denied the motion, noting that the Court lacked jurisdiction because the case was on appeal and that leave would not be granted because the motion lacked merit. (Doc. 47).

Petitioner then moved for, and was granted, permission to extend the time in which to file a notice of appeal from the Court's July 1, 2013 order. (Doc. 50).  Petitioner subsequently filed a motion for a certificate of appealability with respect to the Court's July 1, 2013 order, which was denied on September 9, 2013. (Doc. 54).  Petitioner filed a notice of appeal with respect to the Court's denial of the motion for relief from judgment on August 30, 2013. (Doc. 51).  Petitioner's appeal from the denial of his motion for relief from judgment remains pending in the Sixth Circuit. Burley v. Prelesnik, No. 13-2201.

Petitioner has now filed a motion for the Court to take judicial notice of the confiscation of his legal materials by prison staff.  Petitioner has also filed a motion to alter or amend the judgment entered on September 9, 2013 regarding Petitioner's motion for a certificate of appealability.  For the reasons that follow, the motions will be denied.

II.

A.

Petitioner has filed two notices of appeal in this case.  (Docs. 41, 51).  A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)(citing Griggs v.

Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)( per curiam)); see also Workman v. Tate, 958 F. 2d 164, 167 (6th Cir. 1992). Because Petitioner has filed appeals, the Court lacks jurisdiction to amend its order denying Petitioner a certificate of appealability. Workman, 958 F. 2d at 167-68; see also Raum v. Norwood, 93 F. App'x. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider). Petitioner's notice of appeal likewise divests this Court of jurisdiction to consider his motion to take judicial notice. See United States. v. Ford, 215 F. App'x. 167, 168-69 (3d Cir. 2007).

B.

Moreover, even if the Court had jurisdiction over the motions, it would not be inclined to grant them. Both motions essentially seek reconsideration of this Court's order denying Petitioner a certificate of appealability. A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). E.D. Mich. LR 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See e.g. Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004); aff'd 124 F. App'x 661 (6th Cir. 2005).

In his motion to take judicial notice and in his motion to alter or amend judgment, Petitioner says that the Court erred in denying him a certificate of appealability because Petitioner did not have access to various legal materials which he claims would have assisted him in the preparation of his original motion for a certificate of appealability. Petitioner has apparently now received his legal materials from prison staff, but has not advanced any reasons in either of his motions why he is entitled to a certificate of appealability from the denial of his motion for relief from judgment.

In short, there is no basis for reconsideration for the Court's decision to deny Petitioner a certificate of appealability.

III.

For the reasons stated above, Petitioner's "Motion for Court to Take Judicial Notice And Request for Opportunity to Be Heard" (Doc. 56) and "Motion to Alter or Amend Order on Motion for Certificate of Appealability (Doc. 58) are DENIED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: October 8, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 8, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160